

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# Joseph Harrold v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3451

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joseph Harrold v. Comm Social Security" (2009). *2009 Decisions.* Paper 1698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3451
_____

JOSEPH A. HARROLD,
                              Appellant

v.

MICHAEL J. ASTRUE
Commissioner of Social Security,

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-07-cv-01284)
Magistrate Judge: Honorable Amy Reynolds Hay
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed: March 24, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Joseph Harrold appeals the District Court's judgment affirming the Commissioner's denial of his claim for Childhood Disability Insurance Benefits (CDIB) and Supplemental Security Income (SSI) under §§ 202(d), 223, and 1614(a)(3)(A) of the Social Security Act. We will affirm.

I.

Because we write exclusively for the parties, we will recount only those facts essential to our decision.

Harrold is a high school graduate who attended special education and vocational classes. He has no past relevant work experience and claims that he has been disabled since birth because of attention deficit hyperactivity disorder (ADHD) and Asperger's disorder, a type of high-functioning autism.

After Harrold's applications for CDIB and SSI were denied initially, he was granted a hearing before ALJ Norma Cannon. The ALJ denied Harrold's claim, finding that he was not disabled because he had the capacity to perform light work, with modifications including: a sit/stand option, low stress, and entry-level work with limited contact with others. The Appeals Council denied Harrold's request for review, and the United States District Court for the Western District of Pennsylvania affirmed the ALJ's decision, finding that there was substantial evidence to support the ALJ's determination. Harrold filed this timely appeal.

II.

Harrold first claims that the ALJ failed to analyze his claim for CDIB under the proper legal standard. He also argues that the ALJ erred as a matter of law by failing to determine whether he satisfied Listing 112.05D (Mental Retardation). Finally, Harrold claims that the ALJ erred in rejecting the opinions of a consultative examiner (Dr. McKinley) and accepting the opinions of a reviewing examiner (Dr. James).

## A.

Harrold applied for CDIB and SSI on June 10, 2005, the day before his eighteenth birthday. By the time of the hearing, however, Harrold had reached age nineteen. Harrold claims that the Child Listings should have been applied to him because his application date preceded his eighteenth birthday. We disagree.

The regulations specifically state: the Commissioner will "never use the listings in part B to evaluate individuals who are age 18 or older." 20 C.F.R. §§ 404.1525(b)(2) and 416.925(b)(2). Because the regulations are phrased in the present tense — "are" — instead of in the past tense — "were" — we agree with the Commissioner that the Adult Listings of Part A were applicable in this case. Accordingly, we reject Harrold's threshold argument.

## B.

Harrold next claims that the ALJ erred by finding that he failed to satisfy Listing 112.00D (Child Mental Retardation). In support of this argument, Harrold relies heavily

3

upon testing at Children's Hospital in 1994, when he was six years old, indicating a performance IQ of 69. Harrold claims that this test score satisfies Listing 112.05D.

Harrold's argument may have persuasive force if his IQ test were remotely current. As the regulations note: "IQ test results must also be sufficiently current for accurate assessment under 112.05 . . . IQ test results obtained before age 7 are current for 2 years if the tested IQ is less than 40 and 1 year if at 40 or above." 20 C.F.R. § 112.00(D)(10). Thus, under the regulations, Harrold's low IQ test was valid until 1995, a decade before he filed his applications for benefits.

Apart from the inapplicability of Harrold's 1994 IQ test, our review of the record leads to the conclusion that there is substantial evidence to demonstrate that Harrold does not satisfy Listing 112.05D. Harrold generally did well in high school, achieved the rank of Eagle Scout, earned his diploma, enrolled in a community college program, and obtained part-time employment. Accordingly, we reject Harrold's second argument.

## C.

Finally, Harrold argues that the ALJ erred in giving greater weight to the assessment of the reviewing state agency psychologist (Dr. James) than to that of the consultative examiner (Dr. McKinley). The resolution of this issue depends upon whether there was substantial evidence to support the ALJ's finding that Dr. McKinley's assessment was inconsistent with the body of her report and the record evidence considered in its entirety.

Dr. McKinley completed an assessment form that indicated that Harrold's ability to understand, remember and carry out detailed instructions, and to make judgments on simple work-related decisions was markedly restricted. She based these findings on the fact that Harrold needed special classes during his schooling. Dr. McKinley also found that Harrold is extremely limited in his ability to interact appropriately with the public, supervisors and co-workers and to respond appropriately to work pressure.

After reviewing Dr. McKinley's report and the medical evidence of record, Dr. James concluded that Harrold has mild restrictions of daily living, moderate difficulties with social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. Dr. James found that some of Dr. McKinley's opinions were "an overestimate of the severity of the claimant's functional limitations" because the statements "concerning [Harrold's] abilities in the areas of making personal and social adjustments and other work related activities are not consistent with the other evidence . . . ." (R. 151).

The record demonstrates that the ALJ gave due consideration to the competing views of Drs. McKinley and James. While certainly not required to have sided with Dr. James, the ALJ did not err in doing so for the reasons she articulated at page four of her opinion. (R. 17).

Because the ALJ did not err in discounting Dr. McKinley's opinion, she was not required to include the limitations claimed by Dr. McKinley in the hypothetical question posed to the vocational expert.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.